## Commonwealth v. Columbia Steel & Shafting Co.

*George W. Keitel*, Deputy Attorney General, for Commonwealth.

*Reed, Smith, Shaw & McClay* and *Carl F. Chronister*, for defendant.

RICHARDS, P. J., Orphans' Court, August 6, 1951.—This is an appeal by defendant from the action of the fiscal officers of the Commonwealth in determining that its corporate net income tax for the 10 months ending December 31, 1948, was $559.04. A stipulation was filed for trial without a jury pursuant to the provisions of the Act of 1874, P. L. 109. At the trial certain evidence was offered including exhibits and a stipulation of facts. In due course, the case was argued and it is now before us for disposition.

## Facts

Defendant is a Delaware corporation which, for the period in question, was engaged in business both within and without Pennsylvania. As returned to and ascertained by the Federal Government, appellant had a net operating loss of $83,407.01. However, the report showed a gain of $13,976.03 from the sale of tangible capital assets in Pennsylvania. Tax was computed on this amount at the rate of four percent. This resulted in a tax of $559.04, which has been paid. There is no dispute as to the facts.

## Question Involved

Generally, the question involved is whether or not the tax was properly computed under the Pennsylvania Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as reënacted and amended by the Act of May 14, 1947, P. L. 232; 72 PS §3420, et seq.

## Discussion

Section 3 of the Act of 1947, supra, imposes a tax at the rate of four percent "upon each dollar of net income" received or accruing during the year 1948. Section 2 provides:

"Section 2. Definitions—The following words, terms, and phrases, when used in this act, shall have the meaning ascribed to them in this section, except

where the context clearly indicates a different meaning. . . .

"Net Income". I. In case the entire business of the corporation is transacted within this Commonwealth, net income for the calendar year or fiscal year as returned to and ascertained by the Federal Government, . . .

2. In case the entire business of any corporation . . . is not transacted within this Commonwealth, the tax imposed by this act shall be based upon such portion of the net income of such corporation . . . *as defined in clause one hereof*, as may be determined by allocations and apportionments made as follows:

"(a) Gains realized and losses sustained from the sale, or exchange of capital assets, if such assets consist of real estate or tangible personal property situated in the Commonwealth, shall be allocated to this Commonwealth.

"(b) Gains realized and losses sustained from the sale or exchange of capital assets, if such assets consist of real estate or tangible personal property situated outside of the Commonwealth, shall not be allocated in any part to this Commonwealth.

"(c) The remainder of such net income shall be divided into three equal parts.

"(1) Of one-third, such portion shall be attributed to business carried on within this Commonwealth, as shall be found by multiplying said one-third by a fraction, whose numerator is the value of the corporation's tangible property situated within this Commonwealth, and whose denominator is the value of all the corporation's tangible property wherever situated.

"(2) Of one-third, such portion shall be attributed to business carried on within the Commonwealth, as shall be found by multiplying said one-third by a fraction, whose numerator is the expenditures of the corporation for wages, salaries, commissions and other

compensation to its employes, and assignable to this Commonwealth as hereinafter provided, and whose denominator is the total expenditures of the corporation for wages, salaries, commissions, and other compensation to all its employes.

"(3) Of the remaining third, such portion shall be attributed to business carried on within the Commonwealth, as shall be found by multiplying said third by a fraction, whose numerator is the amount of the taxpayer's gross receipts from business assignable to this Commonwealth as hereinafter provided, and whose denominator is the amount of the taxpayer's gross receipts from all its business." (Italics supplied.)

Since defendant was engaged in business both within and without this Commonwealth, we must consider first the provisions of paragraph 2 of the statutory definition. Here we find that net income *as defined in clause 1* is to be allocated and apportioned. Net income in clause 1 is the "net income as returned to and ascertained by the Federal Government". It is agreed that the net income of defendant as returned to and ascertained by the Federal Government in the present case was a loss of $83,407.01, or, if you please, a negative number. We are unable to comprehend how a net loss can be construed as net income. The tax is levied on each dollar of net income, not on each dollar of the net loss. If we be correct in this hypothesis, there is no net income as defined in clause 1 to be allocated and apportionated under clause 2, in which event no tax is due for the period involved. We base our decision on this construction.

The Commonwealth, in its construction, disregards the fact that paragraph 2 refers to net income as defined in section 1, as the basis of the allocations and apportionments. It omits this provision entirely and starts its computation by assigning to Pennsylvania the sum of $13,976.03, representing gains on

the sale of tangible capital assets in this State. It then says that there is no other income to apportion. We cannot agree with this construction. Algebraically speaking, if from a net income of $—83,407.01 we subtract a gain of $13,976.03, we get a balance of net income of $—97,383.04. Applying the allocating fractions to this amount, by use of the allocating percentage which is admitted to be correct, we get as a result $—62,205.66, representing the balance of the net income to be assigned to this Commonwealth. By adding the two portions of the so-called net income, to wit: $13,976.03 and $—62,205.66, we find the total to be $—48,229.63. Since this is a loss rather than income, no tax is due. Consequently, the Commonwealth has failed to carry its own theory to its logical conclusion by allocating the whole of a negative income. Had it done so, it would have arrived at the same conclusion that we have.

Neither party has submitted any requests for findings of fact or conclusions of law. We have already found and stated all the facts necessary for the disposition of the case and in addition we make the following

### Conclusions of Law

1. The Act of 1935, P. L. 208, as reënacted and amended by the Act of 1947, P. L. 232, imposes a tax on net income as returned to and ascertained by the Federal Government.

2. The act imposes no tax on a net loss, and when there is a net loss there is no net income to be allocated or apportioned.

3. Since appellant experienced a net loss for the tax period in question, no tax is due.

4. Since the tax of appellant was erroneously settled and paid in the amount of $559.04, it is entitled to a credit for that amount.

## Decree Nisi

And now, to wit, August 6, 1951, judgment is hereby entered against the Commonwealth and in favor of defendant in the amount of $559.04, which amount shall be credited to appellant by the Department of Revenue, unless exceptions hereto be filed within the time limited by law.

### OPINION SUR EXCEPTIONS

RICHARDS, P. J., Orphans Court, March 12, 1952.— The Commonwealth has filed exceptions to the opinion of this court reported on page 326, supra, wherein we held that defendant was not taxable under the Pennsylvania Corporate Net Income Tax for the 10 months ending December 31, 1948, for the reason that it operated during that year at a loss, and did not have a net income as returned to and ascertained by the Federal Government; and further, if the net operating loss had been apportioned to Pennsylvania, it would have exceeded the capital gains allocated to Pennsylvania.

We there concluded that the Corporate Net Income Tax Act imposes a tax on net income as returned to and as ascertained by the Federal Government; that it imposes no tax on a net loss, and where there is a net loss, there is no net income to be allocated or apportioned. In so concluding we were not unmindful of the additions to and deductions from Federal income required by law in determining net income for Pennsylvania tax purposes, such as the deduction of corporate dividends and interest on Federal securities, and the addition of the carry-back or carry-forward of losses. Our conclusions were not intended to embrace such additions or deductions, since none were involved in the case before us for decision.

With this explanation, we feel that the exceptions of the Commonwealth should be dismissed.

*Order*

And now, to wit, March 12, 1952, for the foregoing reasons the exceptions of the Commonwealth are severally dismissed.